(128 App. Div. 854.)

### BOGART v. REICH et al.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

MONEY RECEIVED (§ 6*)—ACTION TO RECOVER.

Brokerage fees being demanded of plaintiff, on his making a contract
of sale, he deposited money with defendants, attorneys of the purchaser,
on an agreement that it was to be turned over to the brokers on plaintiff's
order, on title passing. *Held* that, title not passing and plaintiff demand-
ing return of the deposit, defendants could not retain it; they being un-
der no obligation to the brokers, the conditions under which they were
to turn it over to them having failed, even if the brokers are entitled to
commissions of plaintiff.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. § 27; Dec.
Dig. § 6.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by John Bogart against Benjamin Reich and another. From
a judgment for plaintiff, defendants appeal. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and
MILLER, JJ.

Reich & Brand, for appellants.
Bogart & Bogart, for respondent.

WOODWARD, J. Samuel Lando entered into a contract with
John Bogart, the plaintiff in this action, for the purchase of certain
property in the borough of Brooklyn. One Lando, a brother of the
purchaser, and a Mr. Weiss, at the time of making this contract, de-
manded brokerage fees, which the seller at first refused to·pay, but it
was subsequently agreed that he would deposit the sum of $75 with the
defendants, who were the attorneys of the purchaser, which sum was

to be turned over to the brokers upon the order of the plaintiff upon title passing. The title did not pass, and the plaintiff demanded the return of his deposit, which the defendants refused, claiming that they were bound to hold the same for the brokers, who had earned the commission. The plaintiff brings this action to recover the fund, and has been awarded judgment, the defendants appealing. An effort to interplead the brokers failed, no appeal being taken from the order.

We are unable to discover that the defendants have any right to hold on to this fund. They are under no legal obligations to the brokers; it was not left to them to determine when the fund should be paid over; it was to be delivered to the brokers on the passing of title, and upon the order of the plaintiff. The purchaser having failed to take title, and the plaintiff having refused to give the order for the payment of the fund, the defendants can be under no obligations to the brokers. It is not material that the brokers may be entitled to their commissions from the plaintiff; that is a question between them, with which the defendants have no concern. The plaintiff never surrendered control of the fund; he made it subject to his order, and, while the memorandum between the plaintiff and defendants called it an escrow, it did not have that character. There was merely a deposit subject to the order of the depositor, and, the plaintiff having taken upon himself the responsibility of refusing to deliver the same to the brokers, the defendants had no right to retain the same.

The judgment of the Municipal Court should be affirmed, with costs. Judgment affirmed. All concur.